LITTLER MENDELSON, P.C.
MARLENE S. MURACO, Bar No. 154240
mmuraco@littler.com
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
Telephone:    408.998.4150
Facsimile:    408.288.5686

Attorneys for Defendant
M.A. MORTENSON COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### BAKERSFIELD DIVISION

| | |
|---|---|
| SUSAN RUBADEAU,<br><br>            Plaintiff,<br><br>v.<br><br>M.A. MORTENSON COMPANY;<br>LOGAN BROWN and DOES 1 to 100,<br>inclusive,<br><br>            Defendants. | Case No.  1:13-cv-00339-AWI-JLT<br><br>**DEFENDANT M.A. MORTENSON COMPANY'S NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**<br><br>Date:  June 17, 2013<br>Time:  1:30 p.m.<br>Courtroom: 2<br>Judge:  Anthony W. Ishii |

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT )

MPA ISO DEFT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on June 17, 2013 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the United States District Court of the Eastern District of California, located at 2500 Tulare Street, Fresno, California 93721, before the Honorable Anthony W. Ishii, Defendant M.A. Mortenson Company ("Defendant") will move for an Order dismissing Plaintiff's First Amended Complaint on the grounds that pursuant to Federal Rule of Civil Procedure 12(b)(6), the First through Fifteenth Causes of Action fail to state a claim upon which relief can be granted.  In the alternative, Defendants move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement on the ground that the First Amended Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response.

This Motion is based on this Notice, the Memorandum of Points and Authorities in support thereof, the papers and pleadings on file in this case, and all other evidence and argument as may be presented at the hearing on the motion.

Dated: May 7, 2013

LITTLER MENDELSON, P.C.

By: _Marlene Muraco_
MARLENE S. MURACO
Attorneys for Defendant
M.A. MORTENSON COMPANY

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                1.                MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ......................................................................................... 2

II.   STATEMENT OF FACTS ............................................................................ 2

III.  LEGAL ARGUMENT .................................................................................. 4

   A.   Dismissal Is Warranted Because Plaintiff's Allegations Are Comprised of Legal Conclusions And Therefore Fail To State Any Plausible Claim for Relief .......................................................................................................... 4

   B.   Plaintiff's Various Claims for Discrimination in Violation of FEHA and Public Policy Must Be Dismissed For Failure to State A Claim ................... 5

      1.   Plaintiff's First Cause of Action for "Sex/Gender Discrimination In Violation of FEHA" and Second Cause of Action for "Sex/Gender Discrimination in Violation of Public Policy" Must Be Dismissed for Failure to State A Claim ...................................................................... 5

      2.   Plaintiff's Seventh Cause of Action for "Disability Discrimination In Violation of FEHA" and Eighth Cause of Action for "Disability Discrimination in Violation of Public Policy" Must Be Dismissed for Failure to State A Claim ...................................................................... 6

   C.   Plaintiff's Claims for "Gender/Sex" Harassment in Violation of FEHA Must Be Dismissed For Failure to State A Claim ................................................. 7

   D.   Plaintiff's Claims for Retaliation in Violation of FEHA and Public Policy Fail to State A Claim .................................................................................... 8

      1.   Plaintiff's Fifth Cause of Action for "Retaliation for Complaints of Gender/Sex Discrimination and/or Harassment in Violation of FEHA" and Sixth Cause of Action for "Retaliation for Complaints of Gender/Sex Discrimination and/or Harassment in Violation of Public Policy" Must Be Dismissed for Failure to State A Claim ............... 9

      2.   Plaintiff's Ninth Cause of Action for "Retaliation for Requests for Accommodation, Complaints of Disability Discrimination and/or Harassment in Violation of FEHA" and Tenth Cause of Action for "Retaliation for Requests for Accommodation, Complaints of Disability Discrimination and/or Harassment in Violation of Public Policy" Must Be Dismissed for Failure to State A Claim ............................ 10

   E.   Plaintiff's Eleventh Cause of Action for Failure to Accommodate in Violation of FEHA Fails to State a Claim ................................................... 11

   F.   Plaintiff's Twelfth Cause of Action for Failure to Engage in the Interactive Process in Violation of FEHA Fails to State a Claim ................................. 12

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                    i.

MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

1

2

G.      Plaintiff's Thirteenth Cause of Action for "Failure to Do Everything
        Reasonably Necessary to Prevent Discrimination and Harassment From
        Occurring In Violation of FEHA" and Fourteenth Causes of Action for
        "Failure to Take Immediate Appropriate Action to Stop Unlawful
        Harassment" Each Fail to State a Claim ................................................................. 12

H.      Plaintiff's Fifteenth Cause of Action for Wrongful Termination In Violation
        of Public Policy Fails to State a Claim Upon Which Relief Can Be Granted .......... 14

I.      In The Alternative, Plaintiff Should Be Required To Amend The Complaint
        To Provide A More Definite Statement, Pursuant To Federal Rule of Civil
        Procedure 12(e) ..................................................................................................... 15

IV.     CONCLUSION ................................................................................................................. 16

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                    ii.          MPA ISO DEFT'S MOTION TO
                                                        DISMISS PLAINTIFF'S FIRST
                                                        AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ...................................................................................2, 4, 5

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990) ...................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................2, 4, 7

*Dutra v. Mercy Medical Center Mt. Shasta*,
    209 Cal.App.4th 750 (2012) ...............................................................................14, 15

*Federal Sav. And Loan Ins. Corp. v. Musacchio*,
    695 F. Sup. 1053, 1060 (N.D. Cal. 1988) ..............................................................16

*Fisher v. San Pedro Peninsula Hosp*,
    . 214 Cal. App. 3d 590 (1989) .............................................................................7, 8

*Flait v. N. Am. Watch Corp.*,
    3 Cal. App. 4th 467 (1992) ..................................................................................8, 10

*Green v. Ralee Eng. Co.*,
    19 Cal.4th 66 (1998) ..............................................................................................14

*Guz v. Bechtel*,
    24 Cal. 4th 317 (2000) .............................................................................................5

*Jensen v. Wells Fargo Bank*,
    85 Cal. App. 4th 245 (2000) ..................................................................................11

*Lyle v. Warner Bros. Television Prods.*,
    38 Cal. 4th 264 (2006) .............................................................................................7

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ...................................................................................4

*Papasan v. Allain*,
    478 U.S. 265 (1986) .................................................................................................5

*Peterson v. County of Stanislaus*,
    2012 U.S. Dist. LEXIS 148874 (E.D. Cal. 2012) .................................................7, 8

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

　　　　　　　　iii.　　　　MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

*Scotch v. The Art Institute of California-Orange County,*
   173 Cal.App.4th 986 (2000) ...................................................................................12

*Tameny v. Atlantic Richfield Co.,*
   27 Cal.3d 167 (1980) ...........................................................................................14

*Trujillo v. N. Cnty. Transit Dist.,*
   63 Cal. App. 4th 280 (1998) .................................................................................13

**STATUTES**

California Government Code § 12940(j)(1).......................................................................13

California Governement Code § 12940(k) .......................................................................13

California Labor Code § 132a...............................................................................14, 15

Government Code §12940, subdivision (m)......................................................................11

Government Code § 12940, subdivision (n)......................................................................12

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) .......................................................4, 11, 16

Federal Rule of Civil Procedure 12(e) ...........................................................15, 16

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff SUSAN RUBADEAU ("Plaintiff"), a former employee of Defendant M.A. MORTENSON COMPANY ("Mortenson") filed her Complaint on January 30, 2013 against Defendant Mortenson ("Defendant").  Mortenson filed a Motion to Dismiss Plaintiff's Complaint on March 15, 2013.[1]  In response, Plaintiff thereafter filed a First Amended Complaint ("FAC") on April 5, 2013.  As the FAC suffers from many of the same defects as Plaintiff's initial complaint, Defendants now file this Motion to Dismiss Plaintiff's FAC.

Plaintiff's claims pertain to events that allegedly took place during her employment with Mortenson.   In the FAC, Plaintiff generically alleges that she endured harassment and discrimination based on her gender/sex and disability yet fails to plead sufficient facts to allow the Court to reasonably conclude that the allegations are more than a sheer possibility.  This minimal pleading cannot withstand scrutiny under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Accordingly, Defendants seek dismissal of Plaintiff's fifteen causes of action on the grounds that each claim fails to state a cognizable legal theory for which relief can be granted.  In the alternative, Defendants request that Plaintiff be ordered to provide a more definite statement.

## II.   STATEMENT OF FACTS

Plaintiff alleges that during the three month period she was employed by Mortenson, she was subjected to conduct that gave rise to the following fifteen causes of action: (1) Sex/Gender Discrimination in Violation of FEHA against Mortenson; (2) Sex/Gender Discrimination in Violation of Public Policy against Mortenson; (3) Gender/Sex Harassment in Violation of FEHA against Mortenson; (4) Gender/Sex Harassment in Violation of FEHA against Brown; (5) Retaliation for Complaints of Gender/Sex Discrimination and/or Harassment in Violation of FEHA against Mortenson; (6) Retaliation for Complaints of Gender/Sex Discrimination and/or Harassment in Violation of Public Policy against Mortenson; (7) Disability Discrimination in Violation of FEHA

---

[1]   As Defendant Logan Brown has not yet been served with Plaintiff's Complaint, he did not join in either Defendant Mortenson's initial Motion to Dismiss or the instant motion.

MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

against Mortenson; (8) Disability Discrimination in Violation of Public Policy against Mortenson; (9) Retaliation for Requests for Accommodation, Complaints of Disability Discrimination and/or Harassment in Violation of FEHA against Mortenson; (10) Retaliation for Complaints of Disability Discrimination and/or Harassment in Violation of Public Policy against Mortenson; (11) Failure to Accommodate Disability in Violation of FEHA against Mortenson; (12) Failure to Engage in the Interactive Process in Violation of FEHA against Mortenson; (13) Failure to Do Everything Reasonably Necessary to Prevent Discrimination, Harassment and Harassment From Occurring in Violation of FEHA against Mortenson; (14) Failure to Take Immediate Appropriate Action to Stop Unlawful Harassment against Mortenson; and (15) Wrongful Termination in Violation of Public Policy (Requesting/Placing on Notice Need to File a Workers Compensation Claim) against Mortenson. Dismissal of the fifteen causes of action is appropriate as each fails to state a claim upon which relief can be granted.

In essence, Plaintiff's FAC is a compendium of legal conclusions, setting forth the various ways in which an employer might violate the Fair Employment and Housing Act ("FEHA") and including only a scant sprinkling of factual allegations. Among the few facts offered are that Plaintiff is a female who was "severely injured in an accident on the job" and who worked for Mortenson as an Assistant Superintendent from January 3, 2012 to April 11, 2012; she was allegedly "an exemplary employee whose performance was outstanding and was a dedicated and loyal employee" and she "performed work competently" for the Company. (FAC ¶¶ 14, 15, 20, 35, 48, 89, 102, 117, 132, 147, 159, 210.)

However, the lengthy FAC provides little in the way of additional facts and leaves Defendants without an understanding of what Plaintiff claims was done to her. Significantly, the mere recitation of various legal conclusions that are entirely implausible (e.g., Mortenson terminated Plaintiff, refused to employ Plaintiff, refused to promote Plaintiff and failed to reinstate Plaintiff) seem to be an effort to leave no possible theory of recovery unstated, rather than to set out the wrongs to which Plaintiff actually believes she was subjected. (FAC ¶¶ 36, 39, 49, 52, 90, 93, 103, 106, 135, 148, 151, 160, 163.)

Without a more focused set of allegations, Defendants have no choice but to cast an

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                    3.          MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

1   exceedingly wide net in discovery.   More importantly, eventually testing the sufficiency of

2   Plaintiff's evidence against her allegations by means of a possible motion for summary adjudication,

3   summary judgment, or at trial will be unnecessarily complex and time consuming for both the parties

4   and the Court.   For these reasons, Defendants submit that dismissal of Plaintiff's FAC is warranted,

5   or in the alternative, necessitates that Plaintiff be required to file a more definite statement of her

6   claims and allegations.

7   ## III.   LEGAL ARGUMENT

8   ### A.   Dismissal Is Warranted Because Plaintiff's Allegations Are Comprised of Legal
        Conclusions And Therefore Fail To State Any Plausible Claim for Relief.

10   Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of

11   the Plaintiff's "failure to state a claim upon which relief can be granted."   A complaint may be

12   dismissed under Rule 12(b)(6) where either the complaint lacks a cognizable legal theory, or where

13   the complaint fails to plead facts essential to the statement of a claim under that theory.   *Balistreri v.*

14   *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Navarro v. Block*, 250 F.3d 729, 732 (9th

15   Cir. 2001).   According to the U.S. Supreme Court, a motion to dismiss is properly granted when a

16   plaintiff fails to provide "more than labels and conclusions"; moreover, "a formulaic recitation of the

17   elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   A complaint must contain

18   enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must

19   be enough to raise a right to relief above the speculative level."   *Id.* at 555, 570.

20   A complaint   that   offers   "'naked   assertion[s]'   devoid   of   'further   factual

21   enhancement'" is insufficient.   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*,

22   550 U.S. at 557).   As the Supreme Court explained:

23   > To survive a motion to dismiss, a complaint must contain sufficient
   > factual matter, accepted as true, to 'state a claim to relief that is
24   > plausible on its face.'   A claim has facial plausibility when the plaintiff
   > pleads factual content that allows the court to draw the reasonable
25   > inference that the defendant is liable for the misconduct alleged.   The
   > plausibility standard is not akin to a 'probability requirement,' but it
26   > asks for more than a sheer possibility that a defendant has acted
   > unlawfully.   Where a complaint pleads facts that are 'merely consistent
27   > with' a defendant's liability, it 'stops short of the line between
   > possibility and plausibility of 'entitlement to relief.'
28

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

1    *Id.* (quoting *Twombly*, 550 U.S. at 556-57, 570) (citations omitted).

2    The U.S. Supreme Court has made clear that "the tenet that a court must accept as

3    true all of the allegations contained in a complaint is inapplicable to legal conclusions, [and]

4    [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5    do not suffice." *Id. See also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (the Court is not "bound

6    to accept as true a legal conclusion couched as a factual allegation."). "[O]nly a complaint that

7    states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal, supra,* 129 S. Ct.

8    at 1950.

9    **B.    Plaintiff's Various Claims for Discrimination in Violation of FEHA and Public
         Policy Must Be Dismissed For Failure to State A Claim.**
10

11    Plaintiff's first, second, seventh and eighth causes of action purport to hold Defendant

12    Mortenson liable for discrimination on the basis of "sex/gender" and disability, in violation of the

13    FEHA and public policy.  In order to state a claim for discrimination, a plaintiff must first set forth a

14    prima facie case of discrimination showing that:  (1) she was a member of a protected class; (2) she

15    was performing competently in the position she held; (3) she suffered an adverse employment

16    action, such as termination, demotion or denial of an available job; and (4) some other circumstances

17    suggest discriminatory motive. *Guz v. Bechtel*, 24 Cal. 4th 317, 355 (2000).

18    **1.    Plaintiff's First Cause of Action for "Sex/Gender Discrimination In
             Violation of FEHA" and Second Cause of Action for "Sex/Gender
19            Discrimination in Violation of Public Policy" Must Be Dismissed for
             Failure to State A Claim.**
20

21    Plaintiff's first and second causes of action state:  (1) Plaintiff, a female, is a member

22    of a protected group; and (2) Plaintiff "performed work competently for Defendant EMPLOYER."

23    (FAC ¶¶ 33, 35, 46, 48.)  However, Plaintiff's allegations regarding the alleged adverse employment

24    actions she suffered render these claims wholly unintelligible.  Plaintiff attempts to allege that she

25    suffered adverse employment action (the third element in *Guz*, above) by stating:

26    Defendant EMPLOYER made decisions adverse to the plaintiff
       RUBADEAU in regards to **compensation and terms, conditions and
27     privileges** of employment. Defendant **actually terminated** the
       plaintiff RUBADEAU, **refused to employ** plaintiff RUBADEAU,
28

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                        5.          MPA ISO DEFT'S MOTION TO
                                                           DISMISS PLAINTIFF'S FIRST
                                                           AMENDED COMPLAINT

**refused to promote** plaintiff RUBADEAU, and **failed to reinstate** the plaintiff RUBADEAU.

(FAC ¶ 36, 49.) (emphasis added.)  Rather than alleging material facts describing the alleged gender discrimination that she was subjected to or the adverse employment action she suffered, Plaintiff merely concludes, in boilerplate fashion, that:

> The plaintiff RUBADEAU's **gender was a motivating factor** in Defendant EMPLOYER's aforementioned decisions that were adverse to plaintiff in regards to compensation and terms, conditions and privileges of employment. The plaintiff RUBADEAU's **gender was a motivating factor** in Defendants aforementioned decision to actually terminate the plaintiff RUBADEAU; refuse to employ plaintiff RUBADEAU, refuse to promote plaintiff RUBADEAU, and fail to reinstate plaintiff RUBADEAU.

(FAC ¶¶ 37, 50.) (emphasis added).

It is implausible that Mortenson actually terminated, refused to employ, refused to promote and failed to reinstate Plaintiff.  Even setting aside these conflicting legal assertions, Plaintiff does not allege any specific facts stating how, for example, during her three month term of employment with Mortenson, she was refused a promotion on the basis of her gender.  Indeed, Plaintiff does not describe with any specificity how *any* of the alleged adverse employment actions occurred, or how or why Plaintiff's gender was a motivating factor in such actions.  Instead, Plaintiff simply alleges that her "gender was a motivating factor" in Mortenson's unspecified "decisions that were adverse to plaintiff."  (FAC ¶¶ 37, 50.)

> **2.    Plaintiff's Seventh Cause of Action for "Disability Discrimination In Violation of FEHA" and Eighth Cause of Action for "Disability Discrimination in Violation of Public Policy" Must Be Dismissed for Failure to State A Claim.**

Plaintiff's seventh and eighth causes of action purport to hold Mortenson liable for disability discrimination in violation of the FEHA and public policy.  Plaintiff's seventh and eighth causes of action state:  (1) Plaintiff suffers from a severe knee injury, and is thus a member of a protected group; and (2) Plaintiff "performed work competently for Defendant EMPLOYER." (FAC ¶¶ 115, 117, 130, 132.)  Without providing any specificity, Plaintiff also alleges that, as a result of her disability, she was "excluded, ostracized, and experienced the taking away of job benefits, duties and

6.

MPA ISO DEFT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

responsibilities." (FAC ¶ 22.) However, rather than alleging material facts describing the alleged disability discrimination she was subjected to or the adverse employment action she suffered, again, Plaintiff merely concludes that Mortenson "actually terminated [her], refused to employ [her], refused to promote [her], and failed to reinstate the [her]." (FAC ¶¶ 120, 121, 123, 135, 136, 138.)

Again, Plaintiff's allegations are contradictory and, as pled, Mortenson is unable to provide a meaningful and appropriate response. The factual allegations must be sufficient to "raise a right to relief above the speculative level" and the complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 127 S. Ct. at 1965. Here, merely asserting the legal conclusion that "plaintiff RUBADEAU's disability was a motivating factor" in Mortenson's "decisions that were adverse to plaintiff" is insufficient to state a claim upon which relief can be granted. (FAC ¶¶ 121, 136.) Plaintiff fails to provide any facts to demonstrate how or why Plaintiff's disability was a factor in the adverse employment action suffered. Rather, Plaintiff offers only the conclusion that her disability was a factor. Since Plaintiff offers only conclusory allegations and has not stated sufficient facts that would entitle her to a legal remedy, Plaintiff's seventh and eighth causes of action for discrimination in violation of FEHA should be dismissed. *See Peterson v. County of Stanislaus*, 2012 U.S. Dist. LEXIS 148874, 6-7 (E.D. Cal. 2012).

**C.    Plaintiff's Claims for "Gender/Sex" Harassment in Violation of FEHA Must Be Dismissed For Failure to State A Claim.**

In her third and fourth causes of action, Plaintiff alleges that Defendants harassed her in violation of the FEHA. In order to state a claim for harassment under the FEHA, Plaintiff must establish that: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) the harassment was so "severe or pervasive" as to "alter the conditions of [her] employment and create an abusive working environment." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006); *see also Fisher v. San Pedro Peninsula Hosp,*. 214 Cal. App. 3d 590, 608 (1989). In addition, there must be "a concerted pattern of harassment of a repeated, routine or a generalized nature." *Fisher, supra*, 214 Cal. App. 3d.at 610. In conclusory fashion, Plaintiff alleges that:

The [EMPLOYER/defendant BROWN] engaged in harassing conduct directed toward plaintiff RUBADEAU, the plaintiff RUBADEAU witnessed the harassing conduct and it took place in plaintiff RUBADEAU's immediate work environment, which included, but was not limited to: inappropriately touching RUBADEAU in a sexual manner and making sexually inappropriate remarks; false criticisms and accusations of poor performance; ostracism, taking away of job benefits, duties and responsibilities.

(FAC ¶¶ 61, 75.) Plaintiff also alleges that she was subjected to "daily inappropriate comments of a sexual nature regarding [her] body, clothing, and hair" without providing any details describing *one* of the alleged daily comments and by whom such comments were made. (FAC ¶ 17.) In fact, Plaintiff alleges that she "witnessed" the harassing conduct which "took place in [her] immediate work environment," but completely fails to assert whether the above alleged conduct was directed to her, or someone else. (FAC ¶¶ 61, 75.)

Plaintiff does not allege with any specificity the context describing how *any* of the alleged harassment occurred. Rather, Plaintiff merely asserts that the alleged harassment was "unwelcome and sufficiently severe and pervasive." (FAC ¶¶ 63, 77.) The string of legal conclusions and empty allegations are wholly insufficient to allege a concerted pattern of behavior to state a prima facie claim of harassment under FEHA. *See Peterson v. County of Stanislaus*, 2012 U.S. Dist. LEXIS 148874, *11 (E.D. Cal. 2012). As there are no specific factual allegations pled, nor a "concerted pattern of harassment of a repeated, routine or a generalized nature," Plaintiff's third and fourth causes of action for gender/sex harassment under FEHA must be dismissed. *See, Fisher, supra*, at 610.

**D.** **Plaintiff's Claims for Retaliation in Violation of FEHA and Public Policy Fail to State A Claim.**

In her fifth, sixth, ninth and tenth causes of action, Plaintiff alleges that Mortenson retaliated against her for complaining about discrimination and harassment based on sex/gender and disability. (FAC ¶¶ 88, 92, 101, 146, 150, 158, 162.) In order to state a claim for retaliation under the FEHA, the plaintiff must plead that: (1) she engaged in a protected activity; (2) the employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the employer's action. *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992).

1. **Plaintiff's Fifth Cause of Action for "Retaliation for Complaints of Gender/Sex Discrimination and/or Harassment in Violation of FEHA" and Sixth Cause of Action for "Retaliation for Complaints of Gender/Sex Discrimination and/or Harassment in Violation of Public Policy" Must Be Dismissed for Failure to State A Claim.**

Rather than state facts sufficient to constitute a cause of action, Plaintiff lists a litany of purported actions taken by both her and Mortenson, without alleging supporting details.  In an effort to show that she engaged in a protected activity, Plaintiff alleges that she:

> Plaintiff RUBADEAU **opposed** gender discrimination and harassment by EMPLOYER, **complained** that EMPLOYER committed gender discrimination and harassment, **protested** gender discrimination and harassment by EMPLOYER, **participated in investigations** of gender discrimination and harassment against EMPLOYER, and **filed a complaint** of gender discrimination and harassment against EMPLOYER.

(FAC ¶¶ 88, 101) (emphasis added).)  In addition, in the sixth cause of action, Plaintiff also alleges that she "**testified and assisted in proceedings** against EMPLOYER for gender discrimination and harassment." (FAC ¶ 101.) (emphasis added.)  Moreover, Plaintiff alleges that she "complained about above said gender/sex discrimination and harassment to her immediate supervisors and upper level management" and was thereafter terminated "because of her gender and said complaints." (FAC ¶ 19.)  Once again, Plaintiff has merely set forth a litany of the possible ways to engage in protected conduct under the FEHA – she has not provided factual allegations to suggest that she actually engaged in the types of conduct listed.  For example, Plaintiff has given no indication as to whom she brought her complaint, what kind of conduct Plaintiff complained about, or what proceeding she allegedly testified in.  Simply stated, Plaintiff has provided no detail regarding the events that allegedly gave rise to her retaliation claims.

In a further attempt to describe how Mortenson allegedly retaliated against her, Plaintiff provides a laundry list of the Company's purported actions without any specifics or details.  Plaintiff alleged that:

> EMPLOYER hired and assigned employees, who did not have plaintiff RUBADEAU's protected status, to assume the duties and responsibilities that plaintiff RUBADEAU had; the employees that EMPLOYER hired and assigned to assume the duties and responsibilities that plaintiff RUBADEAU had were not as qualified as plaintiff RUBADEAU to assume those duties and responsibilities; EMPLOYER made discriminatory statements based on plaintiff RUBADEAU's aforementioned protected status, as described

hereinabove; EMPLOYER gave a vague, false, and illegal reason for the adverse actions, EMPLOYER did not follow its own internal rules and procedures in taking adverse action against the plaintiff RUBADEAU; EMPLOYER treated plaintiff RUBADEAU differently than employees not in the same protected status by giving those employees lesser or no discipline for the same or more grievous offenses than EMPLOYER charged plaintiff RUBADEAU with; EMPLOYER has a pattern and practice of discriminating against employees in the aforementioned protected status of plaintiff RUBADEAU, described hereinabove; and EMPLOYER implemented policies and procedures that had an adverse impact on plaintiff RUBADEAU and other employees with the same protected status as plaintiff RUBADEAU, as described hereinabove.

(FAC ¶¶ 92, 105.)   In comparison to her original complaint, in her FAC, Plaintiff has simply replaced "**and/or**" with "**and.**" Plaintiff's halfhearted attempt to legitimize her allegations is insufficient, as they are still void of information and contradictory.  For example, Plaintiff states that Mortenson "implemented policies and procedures that had an adverse impact" **and** "did not follow its own internal rules and procedures." *Id.*  Likewise, Plaintiff alleges Mortenson has a "pattern and practice" of discriminating against women **and** "implemented policies and procedures that had an adverse impact" on Plaintiff and other women.  *Id.*  Disparate treatment, pattern and practice and adverse impact claims are all distinct types of claims.  Plaintiff refuses to commit to which type of claim she is pursuing – and provides insufficient facts to support any of them.    Furthermore, Plaintiff's conclusory assertions fail to put Mortenson on notice as to the details of the alleged retaliatory actions taken against her, such as who retaliated against her and what form the alleged retaliation took.  This improper pleading leaves the Company unable to surmise Plaintiff's actual claims, and therefore, Plaintiff's fifth and sixth causes of action must be dismissed for failure to state a claim upon which relief can be granted.

> **2.      Plaintiff's Ninth Cause of Action for "Retaliation for Requests for Accommodation, Complaints of Disability Discrimination and/or Harassment in Violation of FEHA" and Tenth Cause of Action for "Retaliation for Requests for Accommodation, Complaints of Disability Discrimination and/or Harassment in Violation of Public Policy" Must Be Dismissed for Failure to State A Claim.**

In her ninth and tenth causes of action, Plaintiff alleges that Mortenson retaliated against her for complaining about disability discrimination and harassment, and for requesting accommodation.

(FAC ¶¶ 146, 150, 158, 162.)  Rather than state facts, Plaintiff again lists a litany of purported actions, without any specifics or details.  Again, in an effort to show that she engaged in a protected activity, Plaintiff alleged that she: "requested reasonable accommodation, requested to engage in an interactive process, opposed disability discrimination and harassment . . ., complained . . . , **and** filed a complaint . . . ."  (FAC, ¶¶ 146, 158.) (emphasis added.)   As pled, Mortenson is incapable of deciphering Plaintiff's allegations.

In addition, Plaintiff again provides the same laundry list of contradictory adverse actions she alleged in support of her fifth and sixth causes of action.  (See FAC ¶¶ 148, 149, 160, 161.)  As discussed above, these conclusory allegations are fatal to Plaintiff's claim and fail to put Mortenson on notice as to the details of the alleged retaliatory actions taken against Plaintiff, such as who retaliated against her, and what form the alleged retaliation took.  This improper pleading leaves Mortenson unable to surmise Plaintiff's actual claims, and therefore, such claims should be dismissed pursuant Rule 12(b)(6).

### E.  Plaintiff's Eleventh Cause of Action for Failure to Accommodate in Violation of FEHA Fails to State a Claim.

Government Code section 12940, subdivision (m), states that it is unlawful for an employer "to fail to make reasonable accommodation for the known physical or mental disability of an ... employee."  Plaintiff alleges that Mortenson failed to reasonably accommodate her purported disability. (FAC, ¶ 170, 171.)   The elements of a "failure to accommodate" claim are: (1) the plaintiff suffers from a disability covered by the FEHA; (2) the plaintiff can perform the essential functions of the position; and (3) the defendant has failed reasonably to accommodate the plaintiff's disability. *See Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).  Plaintiff alleges that she was an exemplary employee for Mortenson, suffered a severe knee injury and "[Mortenson] denied Plaintiff RUBADEAU's request without further discussion and engaging in the interactive process." (FAC, ¶¶ 14, 20, 26.)  Plaintiff alleges that, "[o]n or about April 11, 2012, EMPLOYER terminated Plaintiff's employment as a direct result of EMPLOYER'S failure to engage in any good faith interactive process, among other unlawful reasons." (FAC, ¶ 184.)  Plaintiff does not allege facts supporting her claim detailing whether and how she could perform the essential functions of

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                    11.                    MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

her job, or what specific accommodations she contends were available to allow her to perform her job. As a result, Plaintiff's eleventh cause of action for failure to accommodate must be dismissed.

**F.    Plaintiff's Twelfth Cause of Action for Failure to Engage in the Interactive Process in Violation of FEHA Fails to State a Claim.**

Government Code section 12940, subdivision (n), provides that it shall be unlawful for an employer "... to fail to engage in a timely, good faith, interactive process with the employee ... to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee ... with a known physical or mental disability or known medical condition." To state a cause of action for failure to engage in the interactive process, a plaintiff must allege facts establishing both (1) that the employer had a duty to engage in the interactive process, and (2) that the employer failed to provide any reasonable accommodation. *Scotch v. The Art Institute of California-Orange County*, 173 Cal.App.4th 986, 1003 (2000), citing *Wilson v. County of Orange*, 169 Cal.App.4th 1185, 1193 (2009). To support her claim, Plaintiff alleges that she was "at all times ready and willing to engage in the good faith interactive [process] [sic]" and Mortenson "failed to engaged in said good faith interactive process with Plaintiff." (FAC, ¶ 183.) Plaintiff proceeds to allege that, "[o]n or about April 11, 2012, EMPLOYER terminated Plaintiff's employment as a direct result of EMPLOYER's failure to engage in any good faith interactive process, among other unlawful reasons." (FAC, ¶ 184.) Again, Plaintiff fails to allege sufficient factual allegations to support her claim. Plaintiff fails to plead that Mortenson had a duty to engage in the interactive process, with whom she discussed her injury or request for accommodation, or the specific accommodation requested (beyond stating she asked for a leave). On the face of the FAC, Plaintiff does not establish a prima facie case for proving her claim. As such, Plaintiff's twelfth cause of action for failure to engage in the interactive process in violation of FEHA must be dismissed.

**G.    Plaintiff's Thirteenth Cause of Action for "Failure to Do Everything Reasonably Necessary to Prevent Discrimination and Harassment From Occurring In Violation of FEHA" and Fourteenth Causes of Action for "Failure to Take Immediate Appropriate Action to Stop Unlawful Harassment" Each Fail to State a Claim.**

Under the FEHA, it is unlawful for an employer "to fail to take all reasonable steps

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                    12.          MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

1    necessary to prevent discrimination and harassment from occurring." CAL. GOV'T CODE § 12940(k).

2    And the harassment of an employee "shall be unlawful if the entity . . . knows or should have known

3    of this conduct and fails to take immediate and appropriate corrective action." CAL. GOV'T CODE §

4    12940(j)(1).   These causes of action are, in essence, negligence claims whereby a plaintiff must

5    plead the usual tort elements (duty of care to plaintiff, breach of that duty, causation, and damages)

6    in order to make out a prima facie case. *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 286-

7    87 (1998).

8              Plaintiff's thirteenth and fourteenth causes of action fail because she has not pled

9    facts sufficient to establish the essential elements of her claims.  For example, Plaintiff has not pled

10   that Mortenson had a duty of care to Plaintiff, that it breached that duty, that the breach was the

11   cause of Plaintiff's harm, and that Plaintiff has sustained damages as a result.  In fact, Plaintiff does

12   not allege that Mortenson was on notice of any purported unlawful conduct, nor does she properly

13   plead sufficient facts to establish vicarious liability.  Plaintiff does not even allege any omissions by

14   Mortenson with respect to preventing and remedying purported discrimination in the workplace.

15   Rather, Plaintiff merely asserts, "EMPLOYER failed to take all reasonable steps necessary to

16   prevent discrimination, harassment, and retaliation from occurring, all in violation of FEHA." (FAC

17   ¶¶ 195, 196), and, "Employer knew of the aforementioned unlawful harassing, retaliatory, and

18   discriminatory conduct, described hereinabove, and failed to take immediate and appropriate

19   corrective action, in violation of FEHA." (FAC ¶ 202.)

20             Further, it is well settled that there cannot be a claim for failure to prevent and stop

21   discrimination and harassment without a valid claim for discrimination or harassment. *Trujillo*, 63

22   Cal. App. 4th at 289.  Plaintiff's claim for failure to do everything reasonably necessary to prevent

23   discrimination and harassment, and her claim for failure to immediately stop harassment necessarily

24   fail because she has failed to plead a viable cause of action for either discrimination or harassment.

25   *See, Trujillo, id.*  ("[T]here is no logic that says an employee who has not been discriminated against

26   can sue an employer for not having a policy to prevent discrimination when no discrimination

27   occurred.")  Therefore, Plaintiff's thirteenth and fourteenth causes of action must be dismissed for

28   failure to state a claim upon which relief can be granted.

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                    13.       MPA ISO DEFT'S MOTION TO
                                                     DISMISS PLAINTIFF'S FIRST
                                                     AMENDED COMPLAINT

1

**H.     Plaintiff's Fifteenth Cause of Action for Wrongful Termination In Violation of Public Policy Fails to State a Claim Upon Which Relief Can Be Granted.**

2

3     Plaintiff's fifteenth cause of action should be dismissed on the ground that the facts Plaintiff

4 has pled suggest that the Workers' Compensation Appeals Board ("WCAB") has exclusive

5 jurisdiction over the claim.   Specifically, Plaintiff alleges that she "informed management of her

6 intent to file a workers' compensation claim" stemming from her knee injury, and that she "was

7 terminated shortly thereafter by vice president JOHN MARTIN because of her intent to file a

8 worker's compensation claim."  (FAC, ¶ 24.)  Such a sequence of events cannot support a claim for

9 wrongful termination in violation of public policy.

10     An employer may not discharge an employee if such discharge violates a fundamental

11 public policy.  *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 172 (1980).  In order for a policy to

12 be "fundamental" for purposes of a wrongful termination in violation of public policy claim, the

13 policy must derive from a statutory or constitutional provision.  *Green v. Ralee Eng. Co.,* 19 Cal.4th

14 66, 79 (1998).  In her fifteenth cause of action, Plaintiff alleges that she "requested to file and placed

15 the company on notice of her need for a worker's compensation claim" and that she "informed

16 management of her intent to file a worker's compensation claim." (FAC, ¶ 208, 24.)  Plaintiff then

17 proceeds to allege that her "protected activity, as described hereinabove, was a motivating factor in

18 Defendant EMPLOYER's aforementioned decisions that were adverse to plaintiff in regards to

19 compensation and terms, conditions and privileges of employment" and in "Defendant's

20 aforementioned decision to actually terminate the Plaintiff RUBADEAU." (FAC, ¶ 212.)

21     California Labor Code section 132a does make it unlawful for an employer to

22 terminate an employee "because he or she has filed or made known his or her intention to file a

23 claim" for workers' compensation benefits.  However, Labor Code section 132a cannot be used to

24 create a fundamental public policy for purposes of a wrongful termination in violation of public

25 policy claim.

26     Directly on point and dispositive is the recent case of *Dutra v. Mercy Medical Center*

27 *Mt. Shasta,* 209 Cal.App.4th 750 (2012).  The plaintiff in *Dutra* brought a wrongful termination in

28 violation of public policy claim relying solely upon "the public policy codified at Labor Code

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                    14.

MPA ISO DEFT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

section 132a, which generally prohibits discharging an employee for filing a workers' compensation claim." *Dutra, supra*, 209 Cal.App.4th at p. 753. At trial, the trial court granted the defendant's motion to dismiss the wrongful termination in violation of public policy claim "on the ground the Workers' Compensation Appeals Board (WCAB) has exclusive jurisdiction to adjudicate claims under Labor Code section 132a." *Id.* at p. 753.

The appellate court affirmed the ruling of the trial court. In concluding that Labor Code section 132a cannot form the basis of a wrongful termination in violation of public policy claim, the appellate court explained:

> Section 132a includes limitations on its scope and remedy that prevent it from being the basis of a common law cause of action. The statute establishes a specific procedure and forum for addressing a violation. It also limits the remedies that are available once a violation is established. Allowing plaintiff to pursue a tort cause of action based on a violation of section 132a would impermissibly give her broader remedies and procedures than those provided by the statute. **Thus, the statute cannot serve as the basis for a tort claim of wrongful termination in violation of public policy, and the trial court correctly granted Mercy's motion to dismiss the action."**

*Dutra, supra*, 209 Cal.App.4th at p. 756.

Given Plaintiff's assertion that her employment was terminated because she threatened to file a claim for workers' compensation benefits, *Dutra* requires dismissal of her fifteenth cause of action.

## I.   In The Alternative, Plaintiff Should Be Required To Amend The Complaint To Provide A More Definite Statement, Pursuant To Federal Rule of Civil Procedure 12(e).

Should the Court decline to dismiss Plaintiff's FAC, Defendants respectfully request that, pursuant to Fed. R. Civ. P. 12(e), Plaintiff be ordered to provide a more definite statement of her claims. Where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See* Fed. R. Civ. P. 12(e). "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his

1  responsive pleadings." *Federal Sav. And Loan Ins. Corp. v. Musacchio*, 695 F. Sup. 1053, 1060

2  (N.D. Cal. 1988).

3          As set forth above, Plaintiff's FAC is vague, ambiguous, and devoid of sufficeint

4  factual allegations.  In order to respond to Plaintiff's allegations, Defendants should be provided

5  more than simple recitation of the elements and legal conclusions.  Rather, Plaintiff must show that

6  her claims for discrimination and harassment are *plausible*.  Therefore, in the event Plaintiff's claims

7  are not dismissed in their entirety, Defendants hereby move for a more definite statement.

8  **IV.    CONCLUSION**

9          Based on the foregoing, Defendants respectfully request that each of Plaintiff's causes

10 of action in the FAC be dismissed for failure to state a claim upon which relief can be granted under

11 Federal Rules of Civil Procedure 12(b)(6), or alternatively, for a more definite statement under Rule

12 12(e).

13 Dated: May 7, 2013                          LITTLER MENDELSON, P.C.

14

15                                             By:

16                                             MARLENE S. MURACO
                                               Attorneys for Defendant
17                                             M.A. MORTENSON COMPANY

18 Firmwide:120119315.1 067834.1006

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(1:13-CV-00339-AWI-JLT)                16.        MPA ISO DEFT'S MOTION TO
                                                  DISMISS PLAINTIFF'S FIRST
                                                  AMENDED COMPLAINT