LITTLER MENDELSON, P.C.
MARLENE S. MURACO, Bar No. 154240
mmuraco@littler.com
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys for Defendant
M.A. MORTENSON COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN RUBADEAU,<br><br>                    Plaintiff,<br><br>v.<br><br>M.A. MORTENSON COMPANY;<br>LOGAN BROWN and DOES 1 to 100,<br>inclusive,<br><br>                    Defendants. | Case No. 1:13-cv-00339-AWI-JLT<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF DEFENDANT M.A. MORTENSON COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**<br><br>Date:  June 17, 2013<br>Time:  1:30 p.m.<br>Courtroom:  2<br>Judge:  Anthony W. Ishii |

Plaintiff's Opposition fails to address the factual and legal deficiencies in her First Amended Complaint ("FAC").  Instead, Plaintiff responds to Defendant M.A. Mortenson Company's ("Mortenson") Motion to Dismiss by merely offering the "threadbare recitals" of the elements of her causes of action, and asserts that they are sufficient to maintain her claims.  Because Plaintiff does not, *and cannot*, allege the facts necessary to establish her causes of action, Mortenson's Motion to Dismiss should be granted without leave to amend.

///

///

## I. INTRODUCTION

In her opposition, Plaintiff argues that because she has set forth the "ultimate facts" necessary to support her claims for relief (i.e., the elements of each cause of action), her FAC is sufficient. (See, Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."), pp. 1-14. She is incorrect.

In her Opposition, Plaintiff recites the language for the appropriate legal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"), but fails to meet the requisite burden for pleading her claims. In fact, while the Opposition repeatedly asserts that Plaintiff's allegations must be assumed to be true, the Supreme Court has clearly held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*; s*ee also, Papasan v. Allain*, 478 U.S. 265, 286 (1986) (the Court is not "bound to accept as true a legal conclusion couched as a factual allegation.").

In order to clarify her claims, Plaintiff must actually plead the ***facts*** that constitute the elements of her claims. It is insufficient to assert conclusions of fact or law. Plaintiff has done a thorough job of setting forth the essential elements of each of her purported causes of action. In fact, Plaintiff points out that her FAC mirrors the California Civil Jury Instructions in setting forth the generic essential elements of her claims. (Opp., pp. 8:20-21, 9:26, 10:28.) However, in order to survive a motion to dismiss, Plaintiff must state the facts that support those essential elements. He has failed to do so.

Plaintiff's FAC again fails to state a claim upon which relief can be granted such that Mortenson is not informed of the actual conduct that entitles Plaintiff to relief. While Plaintiff's FAC attempts to assert every possible violation under the California Fair Employment and Housing Act ("FEHA"), it still contains precious few material facts. Plaintiff asks this Court to have Mortenson embark on expensive and extensive discovery without guidance from Plaintiff as to the substance of her claims.

Finally, Plaintiff seeks leave to amend her Fifteenth Cause of Action to omit reference to California Labor Code section 132a because – as stated – that claim is clearly preempted by the Workers' Compensation Act. Instead, Plaintiff seeks to base her public policy claim upon a portion of the California Constitution that authorizes the Legislature to "create and enforce a complete system of workers' compensation". That section, which addresses only the Legislature's responsibility, cannot form the basis of a public policy claim against an individual employer.

As Plaintiff's FAC suffers from the same deficiencies as her original complaint, Defendant requests that the Court grant its Motion to Dismiss without leave to amend.

## II. LEGAL ARGUMENT

### A. Plaintiff Fails To Satisfy The Pleading Standard Required By *Ashcroft v. Iqbal*.

Plaintiff conveniently neglects to address the higher pleading standard of *Ashcroft v. Iqbal*. As set forth in Mortenson's Motion to Dismiss, *Iqbal* held that a complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* at 677 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663. As discussed *infra*, the FAC does not meet the pleading standards set forth in *Iqbal*. Rather, Plaintiff attempts to meet the pleading requirement by providing nothing more than the "formulaic recitation[s] of the elements of a cause of action," denounced by the court in *Iqbal* and *Twombly*. *Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 555. As set forth in Defendants' Motion and below, Plaintiff's allegations are insufficient to maintain Plaintiff's purported causes of action. On these grounds alone, Plaintiff's claims should be dismissed without leave to amend.

### B. Plaintiff's Assertion Of The Essential Elements Of Her Claims Lacks Sufficient Facts To Withstand Mortenson's Motion To Dismiss.

Plaintiff's entire opposition consists of a claim-by-claim review of the elements of each cause of action and the portion of the FAC in which those elements are recited. (Opp., *passim.*)

According to the U.S. Supreme Court, however, "a formulaic recitation of the elements of a cause of action will not do." *Twombly, supra,* 550 U.S. at 555. Thus, a motion to dismiss is properly granted when a plaintiff fails to provide "more than labels and conclusions". *Ibid.* Instead, a complaint must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570. Plaintiff's assertion that she has provided the "ultimate facts" or the "essential elements" is not sufficient to meet the burden of asserting a right to relief "above the speculative level."

As explained in detail in Defendant's opening brief, in the instant case, Plaintiff's FAC is fraught with legal conclusions unsupported by specific facts. In her opposition, Plaintiff attempts to hide the fatal flaws in each cause of action by asserting laundry lists of baseless conclusions of law and/or fact and couching them as 'ultimate facts.' In *Wexler v. Century Aluminum Co.*, 704 F.3d 1119 (9th Cir. 2013), the Ninth Circuit confirmed that while mere allegations "probably" sufficed in the past, "*Iqbal* and *Twombly* moved us away from a system of pure notice pleading" and that "something more is needed." 704 F.3d at 1121-22. Although Plaintiff states that she has pled all of the ultimate facts listed in jury instructions, she merely lists conclusions of fact and/or law instead of actually apprising Mortenson of the factual bases to support her claims. Plaintiff needs to plead more than merely reciting conclusory allegations in an attempt to assert her claims.

Plaintiff's Opposition also fails to establish that Plaintiff's claims for relief are "plead[ed] [with] factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "Factual content" refers to the specific facts themselves, not the elements. Plaintiff does not use ordinary language to set forth her claims; instead she mimics the language of the California Civil Jury Instructions. Plaintiff also fails to use language that would allow the court to draw any reasonable inference(s). Defendant does not argue that Plaintiff cannot plead alternative theories of liability. However, Plaintiff should not plead every possible theory of liability, especially when Plaintiff has specific knowledge of the events which actually took place. While discovery procedures allow for the clarification of ambiguities, Defendant should not be forced to seek discovery on every single possible theory of

liability that could be pled under the FEHA, when it is within Plaintiff's power to set forth her claims in detailed and concise language.

The conclusory allegations set forth in Plaintiff's FAC could apply to any plaintiff and defendant, and merely set forth a "template" for each cause of action rather than setting forth the material facts specific to Plaintiff's claims. Defendant reviewed the specific deficiencies in detail in its opening brief and Plaintiff's response was to simply argue that her pleading was sufficient because the FAC includes brief, conclusory allegations that track the essential elements of her claims (*e.g.*, Plaintiff was an employee and was subjected to harassment, discrimination and/or retaliation because of her gender, disability and/or requests for termination). As set forth above, such an argument does nothing to advance Plaintiff's position as the U.S. Supreme Court has held that a plaintiff must do more than simply assert facts that summarily track the elements of a claim.

### 1. Despite Pleading Additional Facts, Plaintiff's Discrimination Claims Still Fail To State A Claim.

Plaintiff's Opposition to Mortenson's Motion to Dismiss on the First and Second, causes of action for gender/sex discrimination in violation of the FEHA and public policy only serves to highlight the propriety of Mortenson's Motion in the first instance. The additional facts referenced by Plaintiff in her Opposition (Opp., ¶15-28) do not state facts detailed or sufficient to establish gender/sex discrimination.

Plaintiff's list of scenarios is an attempt to hide her inability to properly allege facts sufficient to support her claim. The allegations that Plaintiff is a woman and that she suffered an adverse employment action are not sufficient to establish what adverse action was taken and how it was premised upon her gender. In the absence of any specific facts to support her claim, Plaintiff simply asserts the conclusion that her gender was "a motivating factor" in her termination. As such, Plaintiff's compendium of alleged scenarios fail to apprise Mortenson as to the basis of Plaintiff's First and Second causes of action. Therefore, Plaintiff's various claims for discrimination in violation of FEHA and public policy must be dismissed for failure to state a claim.

### 2. Despite Pleading Additional Facts, Plaintiff's Retaliation Claims Still Fail For Uncertainty.

In her Fifth, Sixth, Ninth and Tenth causes of action, Plaintiff again alleges a litany of legal conclusions of law without specifically alleging sufficient facts. As discussed above, a motion to dismiss must be granted where either the complaint lacks a cognizable legal theory, or where the complaint fails to plead facts essential to the statement of a claim under that theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In her FAC, Plaintiff pled that she "opposed," "complained," "protested," "participated in investigations," filed a complaint, and made a general reference that Mortenson retaliated against her. (FAC, ¶¶ 88, 101, 146, 158.) However, she fails to allege sufficient facts detailing, for example, how she opposed discrimination/harassment, when or to whom she complained of discrimination/harassment, how she protested discrimination/harassment, where, when, and how she filed a complaint of discrimination/harassment, what type of discrimination/harassment she was subjected to, or where, when and before whom she testified against (FAC ¶ 101) discrimination or harassment. These facts are necessary to place Mortenson on notice of the claims against it. As presently stated, the Court cannot draw any reasonable inference that Mortenson is liable for any misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. Consequently, Mortenson's Motion to Dismiss must be granted as to Plaintiff's Fifth, Sixth, Ninth and Tenth causes of action for failure to state a claim.

### 3. Despite Pleading Additional Facts, Plaintiff's Harassment Causes of Action Still Fail to State A Claim.

Plaintiff alleges that she was subjected to "daily inappropriate comments of a sexual nature" yet fails to describe any of the alleged daily incidents. (FAC, ¶ 17.) This allegation does not demonstrate sufficiently severe and pervasive conduct to constitute a claim for harassment under FEHA. Plaintiff is in possession of the facts to support these allegations. If such harassing activities occurred, Plaintiff could readily allege it in her Complaint. Moreover, in order for Mortenson to defend itself from such claims, specifics regarding the person, place, context and method of harassing activity must be ascertained. Even in the instance described by Plaintiff, she still fails to allege who reportedly engaged in such actions and the approximate dates of when such actions

occurred. Accordingly, Plaintiff's Third and Fourth causes of action must be dismissed for failure to state a claim.

### 4. Despite Pleading Additional Facts, Plaintiff's Claim For Failure To Accommodate Still Fails to State A Claim.

Plaintiff's Eleventh cause of action for failure to accommodate must be dismissed. In her FAC and Opposition, Plaintiff merely asserts the legal elements of her claim and then states that she is entitled to relief. *See, e.g.,* Opp., p. 11:11-28, 12:1-4; FAC, ¶ 170. ("[Mortenson] was required to reasonably accommodate Plaintiff . . . Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no good reason."). Plaintiff does not allege facts detailing whether and how she could perform the essential functions of her job, or what specific accommodations she contends were available to allow her to perform her job. In the absence of any specific facts to support her claim, Plaintiff's claim for failure to accommodate must be dismissed.

### 5. Despite Pleading Additional Facts, Plaintiff's Claim For Failure To Engage In the Interactive Process Still Fails to State A Claim.

Plaintiff's Twelfth cause of action for failure to engage in the interactive process in violation of FEHA must be dismissed for failure to state a claim. The allegations that "Mortenson was required to engage with Plaintiff in the good faith interactive process" and "failed to engage in said good faith interactive process" are devoid of any actual facts or details that would "raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555-56; FAC, ¶¶ 182, 183; Opp., p. 12:24-28, 13: 1-7. As Plaintiff does not, and cannot, establish a *prima facie* case for proving her claim, the Twelfth cause of action for failure to engage in the interactive process must be dismissed without leave to amend.

### 6. Despite Pleading Additional Facts, Plaintiff's Failure To Prevent and Failure To Take Immediate Corrective Action Causes of Action Still Fail to State A Claim.

Plaintiff's Opposition to Mortenson's Motion to Dismiss her Thirteenth and Fourteenth causes of action provides nothing more than a recital of the 'ultimate facts' needed to state a claim and Plaintiff's generic narration of the 'facts' set forth as legal conclusions. (Opp., p. 13:9-27, 14:1-8.) Again, Plaintiff fails to plead that Mortenson had a duty, that it breached its duty,

that the breach was the cause of her harm and therefore damages resulted. On this basis alone, Plaintiff's Thirteenth and Fourteenth causes of action fail because she has failed to plead facts sufficient to establish the essential elements of her claims. Further, because Plaintiff has failed to plead a viable cause of action for either discrimination or harassment, Plaintiff's claim for failure to do everything reasonably necessary to prevent discrimination and harassment necessarily fails. *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998).

### C. The Court Should Deny Plaintiff's Request for Leave to Amend Her Fifteenth Cause of Action Because Plaintiff Cannot State The Facts Needed To Overcome Dismissal.

Apparently conceding that Labor Code section 132a cannot form the basis of a public policy claim, Plaintiff seeks leave to file a Second Amended Complaint that identifies California Constitution Article XIV, Section 4 as the basis for her alleged public policy claim. That section states, in pertinent part, as follows:

> The Legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability, and their dependents for death incurred or sustained by the said workers in the course of their employment, irrespective of the fault of any party.

In other words, the Constitutional provision Plaintiff has identified is the one that gave the Legislature the authority to enact Labor Code Section 132a – and to vest the Workers' Compensation Appeals Board with the exclusive authority to resolve any claim that an employee was terminated for filing a workers' compensation claim. It thus supports Defendant's argument.

Notably, the Constitutional provision Plaintiff has identified imposes absolutely no duties on employers – and thus cannot serve as the basis for Plaintiff's wrongful termination claim. *Turner v. Anheuser Busch, Inc.*, 7 Cal.4th 1238, 1256, fn. 9 (to form the basis of a public policy claim, a constitutional provision must sufficiently describe the type of prohibited conduct engaged in by the employer to enable the employer understand its conduct was prohibited); *Sullivan v. Delta Air Lines*, 58 Cal.App.4th 938, 945 (statutory provision that "does not either prohibit or recommend any specific employer conduct" cannot serve as the basis for a claim of wrongful termination in violation of public policy). Accordingly, the requested amendment would be futile and should be denied. *See,*

1  *e.g., Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (affirming denial of leave to amend where the proposed amendments failed to state a claim); *Kendall v. Visa U.S.A., Inc., supra,* 518 F.3d at 1051 (leave to amend should not be granted where amendment would be futile).

**III.   CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss without leave to amend.

Dated: June 10, 2013                           LITTLER MENDELSON, P.C.

By: */s/ Marlene S. Muraco*
    MARLENE S. MURACO
    Attorneys for Defendant
    M.A. MORTENSON COMPANY

Firmwide:121053644.1 067834.1006